IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| In re: | : | Case No. 15-23649 |
| --- | --- | --- |
| | : | |
| | : | |
| | : | Chapter 13 |
| **BARBARA LEE MONTELEONE,** | : | |
| | : | |
| Debtor. | : | Doc. No. 59 |
| | : | |
| | : | |
| | : | |

## MEMORANDUM OPINION

The matter before the Court is a Rule to Show Cause as to Why This Case Should Not Be Dismissed. This matter is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (L) and (O). Because no plan payments have been made in this case, and because the proposed Chapter 13 Plan is not feasible, the Court concludes that dismissal without prejudice is warranted pursuant to 11 U.S.C. § 1307(c). As such, an Order consistent with this Memorandum Opinion shall be entered by the Court.

### I.

At the time of the filing of this Chapter 13 Bankruptcy Case, Barbara Lee Monteleone, Debtor, resided at 235 Claremont Drive, New Kensington,[1] Westmoreland County, Pennsylvania (the "**Residence**"). The filling of this Chapter 13 Bankruptcy Case was intended to thwart a Sheriff's Sale of the

---

[1] The Petition lists "New Kensington," but other court filings indicate the Residence is located in "Lower Burrell."

Residence set for October 5, 2015. The Chapter 13 Plan (the "**Plan**")[2] filed by the Debtor proposed to obtain a "reverse mortgage" from which Plan payments would be made.[3] On October 22, 2015, the Mortgagee (as hereafter defined) filed a "Motion to Dismiss and/or Terminate the Automatic Stay ("**Relief from Stay Motion**").[4] After a hearing, the Court granted Relief from the Automatic Stay to allow the Mortgagee to continue with its Mortgage Foreclosure Action (as hereafter defined), but did not grant a dismissal of this Bankruptcy Case at that time.[5]

To date, the Plan has not been confirmed and no Plan funding has been made by or on behalf of the Debtor. The proceedings before the Court of Common Pleas reflect that the Sheriff's Sale of the Residence has occurred. Because the central purpose of Plan, as proposed, was to save the Residence from foreclosure, the Plan is no longer feasible. As such, the Court finds cause to dismiss this Bankruptcy Case without prejudice to the re-filing of a case under Chapter 7.

## II.

This case was commenced by the filing of an emergency Chapter 13 Bankruptcy Petition by Barbara Lee Monteleone, on October 4, 2015 ("**Petition Date**"). On the Petition Date, Clearview Federal Credit Union (formerly known

---

[2] Dkt. No. 13.
[3] Plan at p.1.
[4] Dkt. No. 10, refiled at Dkt. No. 18.
[5] Dkt. No. 29.

as A-K Valley Federal Credit Union) ("**Mortgagee**"), held a first mortgage on the Residence.

Previously, the Debtor had filed a Voluntary Petition for Relief under Chapter 13 of Bankruptcy Code with this Honorable Court on February 26, 2010, at Case No. 10-21195-JKF ("**2010 Chapter 13 Bankruptcy Case**"). Prior to the filing of 2010 Chapter 13 Bankruptcy Case, the Mortgagee had filed an Action in Mortgage Foreclosure with the Court of Common Pleas of Westmoreland County, Pennsylvania, Civil Division, at Docket No. 14119 of 2008 ("**Mortgage Foreclosure Action**").  The Mortgagee alleged in the foreclosure action that the Defendant had defaulted in her obligations under the Mortgage covering the Residence and under the Mortgage Note executed in 2006.

On April 20, 2009, following the filing of the Mortgage Foreclosure Action, a default judgment in mortgage foreclosure in the amount of $229,241.82 was entered against the Debtor in the Office of the Westmoreland County Prothonotary at the above referenced docket number.  On May 22, 2009, the Debtor filed a Petition to Re-Open Judgment in the Mortgage Foreclosure Action and requested issuance of a Rule, directed to the Mortgagee, to show cause why the judgment should not be opened.  After briefing and hearings, the Westmoreland Court of Common Pleas entered an Order, dated October 28, 2009, dismissing the Petition to Re-Open and/or Strike the Default Judgment in Mortgage Foreclosure.

3

Thereafter, the Debtor filed her 2010 Chapter 13 Bankruptcy Case. After a period of more than three (3) years in her 2010 Chapter 13 Bankruptcy Case, the Debtor was unable to obtain confirmation of a Plan that included mortgage modifications sought by the Debtor.[6] In those proceedings, the Mortgagee obtained an Order dated May 3, 2013 from U.S. Bankruptcy Judge Judith K. Fitzgerald granting relief from the automatic stay, which stated as follows: "Upon entry of the Order of Court, the Movant shall be permitted to take those steps necessary to enforce the current judgment in mortgage Foreclosure entered with the Court of Common Pleas of Westmoreland County, Pennsylvania."[7] Moreover, Judge Fitzgerald stayed the enforcement of the May 3, 2013 Relief from Stay Order until a hearing on May 29, 2013. On May 29, 2013, Judge Fitzgerald let the Order stand. After entry of the 2013 Relief from Stay Order by Judge Fitzgerald, the Debtor filed a Motion for Reconsideration; on September 18, 2013, the Motion for Reconsideration was denied,[8] to which no timely appeal was filed.

The Mortgagee then proceeded with the Mortgage Foreclosure Action, and the Residence was scheduled for a Sheriff's Sale in Westmoreland County in December 2013. The Debtor then filed her second Petition to Strike the Default Judgment previously entered in the Foreclosure Action. The Honorable Judge

---

[6] Although payments had been made to the Office of the Chapter 13 Trustee towards the mortgage debt due and owing the Mortgagee, a Plan which incorporated an alleged Mortgage modification attempted by the Debtor was never confirmed. The Plan that was confirmed was subsequent to the grant of relief from stay in favor of the Mortgagee. See Case No. 10-21195, Dkt. No. 228 and Dkt. No. 239.
[7] Case No. 10-21195, Dkt. No. 177 dated May 3, 2013, see also, Dkt. No. 196 (Motion to Enforce Relief from Stay Order).
[8] Case No. 10-21195, Dkt. No. 221.

Gary P. Caruso of the Court of Common Pleas of Westmoreland County issued a Rule to Show Cause why the Foreclosure Judgment should not be stricken. On or about January 29, 2014, Judge Caruso entered an Order denying the Petition to Strike Judgment, to which the Debtor filed a timely appeal. On February 6, 2015, a three-judge panel of the Pennsylvania Superior Court affirmed the Decision and Order of Judge Caruso entered on January 29, 2014. The Debtor did not take any further appeals.

Thereafter the Mortgagee caused the Writ of Execution to be reissued and the Sheriff's Sale was re-set. Based on allegations of ownership and title issues regarding the Residence raised by the Debtor, the Mortgagee filed a related proceeding – an Action to Quite Title. An Order entering judgment in favor of the Mortgagee in the Action to Quite Title was entered by the Honorable Judge David Regoli of the Court of Common Pleas of Westmoreland County, at Docket No. 14119 of 2008, on June 19, 2015. Thereafter, the Sheriff of Westmoreland County scheduled a Sheriff Sale of the Residence for October 5, 2015, at 9:00 AM.

As stated above, the Debtor filed this Chapter 13 Case on October 4, 2015 – a day prior to the then set Sheriff's Sale. As a result, the Sheriff's Sale was again continued by the Office of the Sheriff of Westmoreland County on October 5, 2015 and re-scheduled for January 4, 2016.

On October 22, 2015, the Debtor filed her Chapter 13 Plan, which provided for payments to be made from an expected "reverse mortgage loan."

5

However, no reverse mortgage was ever obtained and no Plan payments were made by or on behalf of the Debtor.

On October 22, 2015, the Mortgagee filed its Relief from Stay Motion, to which the Debtor responded. After a hearing held on December 2, 2015, this Court granted Relief from the Automatic Stay, finding the "reverse mortgage speculative"[9] and the Mortgagee "not adequately protected."[10]

On February 1, 2016, this Court issued a Rule to Show Cause to determine why the Chapter 13 Case should not be dismissed because no Plan payments had been made.[11] A hearing regarding dismissal was held on February 12, 2016[12] and continued to April 20, 2016.[13] At these hearings, the Court learned that the Foreclosure on the Residence had taken place, a Sheriff's Deed was issued[14] and the Sheriff of Westmoreland County was seeking to eject the Debtor and others then living at the Residence. The public records from the Court of Common Pleas of Westmoreland County confirm that the Debtor, among others, was served with a Complaint in Ejectment, from which a Writ of Possession issued.[15] On or about July 6, 2016, the Debtor was ejected from the Residence.[16]

---

[9] Transcript from December 2, 2015 Hearing, Dkt. No. 62 at 7.
[10] Id.
[11] Dkt. No. 38.
[12] Transcript from February 12, 2016 Hearing, Dkt. No. 63.
[13] Transcript from April 20, 2016 Hearing, Dkt. No. 64.
[14] Westmoreland County Court Index at the Foreclosure Action indicates a Sheriff Sale was conducted and a Sheriff's Deed was tendered to the Prothonotary on February 2, 2016.
[15] See Clearview Federal Credit Union v. Barbara L. Monteleone, et.al. Westmoreland County Court of Common Pleas, Case No. 16CJ00518.
[16] Id.

**III**.

The statutory authority for dismissal of a chapter 13 case lies within section 1307 of the United States Bankruptcy Code.  Specifically, sub-part (c) of this section states that:  "A court *may* dismiss a case for *cause* when it is deemed to be in the best interests of creditors and the estate."  11 U.S.C. § 1307(c) (italics added for emphasis).  Section 1307(c) further provides a non-exhaustive list of factors that may constitute a basis for dismissal.  In re Lilley, 91 F.3d 491, 494 (3d Cir. 1996).

For the purpose of this Bankruptcy Case, the Court identifies three enumerated factors which could serve as the basis for case dismissal: (a) unreasonable delay by the debtor that is prejudicial to creditors; (b) failure to commence making timely plan payments; and (c) denial of confirmation of a plan (and denial of a request made for additional time for filing another plan or a modification of a plan).  See 11 U.S.C. §§ 1307(c)(1), (4) and (5).

During the hearings held on February 12, 2016 and April 20, 2016 before this Court, the only defense to dismissal proffered on behalf of the Debtor was a challenge by the Debtor's son as to the soundness of both the Foreclosure Action Judgment and the Sheriff's Sale conducted before the Westmoreland County Court of Common Pleas.  However, it is clear from the state of the record that the Foreclosure Action Judgment implicitly and conclusively established that the Mortgagee was entitled to that Judgment, and that this Court lacks the jurisdiction to reexamine that issue pursuant to the

Rooker-Feldman Doctrine. Indeed, "The cases so holding are legion. See, e.g., In re Washington, 469 B.R. 587 (Bankr. W.D. Pa. 2012) (Rooker-Feldman doctrine prevented debtor from challenging the standing of mortgagee to file a proof of claim when the state court had already entered a foreclosure judgment in favor of that mortgagee); In re Stewart, 473 B.R. 612, 630-31 (Bankr. W.D. Pa. 2012) (it would be impossible for bankruptcy court to hold that mortgagee did not have claim secured by debtors' property without reviewing or rejecting state foreclosure judgment)." Rushmore Loan Mgmt. Servs., LLC v. Kohar (In re Kohar), 525 B.R. 248, 253, (Bankr. W.D. Pa. 2015).

Under Pennsylvania law, the prior owner in a mortgage foreclosure sale has no right to redeem property after the sale occurs. Rather, under 41 Pa. Stat. and Cons. Stat. Ann. § 404, the prior owner may only "cure" any default under the mortgage up until "one hour prior to the commencement of bidding at a sheriff sale or other judicial sale on a residential mortgage obligation."

> As discussed in In re Townsville, 268 B.R. 95 (Bankr. E.D. Pa. 2001):
>
> Under Pennsylvania law, a mortgagor has the right to redeem mortgaged property until the fall of the hammer at an originally scheduled sheriff's sale. Once the hammer has fallen at the sheriff's sale, the mortgagor has no right to redeem. The purchaser at the sheriff's sale obtains equitable ownership of the property and upon settling with the Sheriff, the right to compel delivery of the deed. . . . Thus, at the fall of the hammer, the mortgagor loses rights and the purchaser acquires rights and obligations. . . . Therefore, I conclude that, under the law of Pennsylvania, property is sold at a foreclosure sale on the date the sale is held. Id. at 118-19 (citations omitted). Thus, at the conclusion of a mortgage foreclosure sale, the prior owner has no right to redeem property and the purchaser 'obtains vested equitable ownership of the property.' In re Donovan, 183 B.R. 700, 701 (Bankr. W.D. Pa. 1995) (first citing Butler v. Lomas & Nettleton Co., 862 F.2d 1015 (3d Cir. 1988); then citing Pa. Co. v. Broad St. Hosp., 354 Pa. 123, 47 A.2d 281, 283 (Pa. 1946)). 'Upon

acknowledgment and delivery of the deed, legal title, too, passes to the purchaser.' In re Brown, 75 B.R. 1009, 1012 (Bankr. E.D. Pa. 1987) (citing In re Rouse, 48 B.R. 236, 240-41 (Bankr. E.D. Pa. 1985)). In sum, when property is sold in a mortgage foreclosure sale, the prior owner loses all right to redeem the property and holds bare legal title and a right to possess such property until legal title passes to the purchaser upon acknowledgement and delivery of the deed. The purchaser, on the other hand, possesses a vested equitable interest in such property at the time of the sale and absolute title upon acknowledgement of the deed.

In re Pittman, 549 B.R. 614 (Bankr. E.D. Pa. 2016).

Given this state of the record, the Court is powerless to re-examine the Mortgage Foreclosure Judgment and the Sheriff's Sale of the Residence by virtue of the Rooker-Feldman doctrine. See Great W. Mining and Mineral Co. v. Fox-Rothschild, LLP, 615 F.3d 159, 166 (3d Cir. 2010) (setting forth test to determine when Rooker-Feldman doctrine applies); Rushmore Loan Mgmt. Servs., LLC v. Kohar (In re Kohar), 525 B.R. 248, 253, (Bankr. W.D. Pa. 2015).

Of course, whether cause exists to dismiss a bankruptcy case and, if so, whether the chapter 13 case should be dismissed or converted to chapter 7, are issues within the discretion of the bankruptcy court. As one court observed:

Section 1307(c) provides a Bankruptcy Court with the power to dismiss a bankruptcy case for 'cause.' 11 U.S.C. § 1307(c). A Bankruptcy Court has considerable discretion in determining whether "cause" exists and whether dismissal is the appropriate remedy. E.g., In re Orawsky, 387 B.R. 128, 137 and n. 15 (Bankr. E.D. Pa. 2008) (citing cases); 8 Collier on Bankruptcy, ¶ 1307.04[4] (15th ed., rev.) ('As under the other subsections of section 1307(c) [i.e., sections other than § 1307(c)(4)], the court's power to dismiss or convert is discretionary.'). See also In re Dixon, Slip Op., 2009 WL 151688, *2 (Bankr. E.D. Pa., 2009); In re Henry, 368 B.R. 696, 699 (N.D. Ill. 2007) (same). In re Pierson, 2009 WL 1424472, *2 (E.D. Pa. May 19, 2009); see, e.g., In re Mallory, 476 Fed. Appx. 766, 767 (5th Cir. 2012); In re Dempsey, 247 Fed. Appx. 21, 25 (7th Cir. 2007); see also In re Myers, 491 F.3d 120, 125 (3d Cir.

9

2007) ('We review the Bankruptcy Court's decision to dismiss the bankruptcy case as a bad faith filing for abuse of discretion.').

In re Soppick, 516 B.R. 733, 745 (Bankr. E.D. Pa. 2014).

In reviewing the totality of the circumstances, "cause" exists to dismiss this bankruptcy case because the Debtor's Plan cannot serve as a vehicle to collaterally attack the state court judgments that were rendered against the Debtor. "Cause" also exists warranting dismissal because no payments have been made for the benefit of creditors under the proposed Plan, and the feasibility of this Chapter 13 case has not been demonstrated by the Debtor. Dismissal is therefore appropriate under these circumstances. Such dismissal, however, shall be without prejudice to the Debtor's pursuit of a bankruptcy discharge under Chapter 7 of the United States Bankruptcy Code.

### IV.

For the reasons set forth above, the Court shall enter an Order that dismisses this bankruptcy case without prejudice to the Debtor filing a new case under Chapter 7 if, and to the extent, the Debtor wishes to pursue a discharge under Chapter 7 of the United States Bankruptcy Code.

Date: July 19, 2016

_____
Jeffery A. Deller
Chief U.S. Bankruptcy Judge

Cm: Debtor, Jeffrey Monetleone, Chapter 13 Trustee, Counsel for the Debtor, and Office of the United States Trustee

FILED
7/19/16 11:22 am
CLERK
U.S. BANKRUPTCY
COURT - WDPA

10